JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert G. Otto, et al. (See Next Page)

### DEFENDANTS

R. Seth Williams, et al. (See Next Page).

(b) County of Residence of First Listed Plaintiff **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Christopher D. Mannix, Esq., 1515 Market St., Suite 1801, Philadelphia, PA 19102 215-564-4300

Attorneys (If Known)

Armando Brigandi, Esq., City of Philadelphia Law Dept. 1515 Arch St., 14th Flr., Philadelphia, PA 19102 215-683-5381

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____ DOCKET NUMBER _____

DATE 6/9/2015

SIGNATURE OF ATTORNEY OF RECORD

Armando Brigandi, Esq.

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. OTTO, | : | Civil Action |
| MICHAEL SPICER, | : | |
| BRIAN REYNOLDS, | : | NO: _____ |
| PERRY BETTS, | : | |
| JOHN SPEISER, and | : | *Formerly* |
| THOMAS LICIARDELLO | : | Philadelphia County |
| Plaintiffs, | : | Court of Common Pleas |
| | : | |
| v. | : | November Term, 2013 |
| | : | Civil Trial Division |
| R. SETH WILLIAMS; | : | |
| CITY OF PHILADELPHIA; and | : | Major Jury |
| OFFICE OF THE DISTRICT ATTORNEY | : | |
| OF PHILADELPHIA COUNTY | : | No. 131102338 |
| Defendants. | : | |

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  Philadelphia, PA

Address of Defendant:  City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).      Yes ☐      No ☒

Does this case involve multidistrict litigation possibilities?      Yes ☐      No ☒
*RELATED CASE IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes ☐      No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes ☐      No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes ☐      No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A  *Federal Question Cases:*

1.   Indemnity Contract, Marine Contract, and All Other Contracts
2.   FELA
3.   Jones Act – Personal Injury
4.   Antitrust
5.   Patent
6.   Labor-Management Relations
7. ✗ Civil Rights
8.   Habeas Corpus
9.   Securities Act(s) Cases
10.  Social Security Review Cases
11.  All Other Federal Questions Cases (Please specify)

B  *Diversity Jurisdiction Cases:*

1.   Insurance Contract and Other Contracts
2.   Airplane Personal Injury
3.   Assault, Defamation
4.   Marine Personal Injury
5.   Motor Vehicle personal Injury
6.   Other Personal Injury (Please specify)
7.   Products Liability
8.   Products liability - Asbestos
9.   All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Armando Brigandi , counsel of record do hereby certify:

✗ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/9/2015 _____ Armando Brigandi, Esquire / Attorney-at-Law      92208 Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/9/2015 _____ Armando Brigandi, Esquire / Attorney-at-Law      92208 Attorney I.D. #

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. OTTO, | : | Civil Action |
| MICHAEL SPICER, | : | |
| BRIAN REYNOLDS, | : | NO: _____ |
| PERRY BETTS, | : | |
| JOHN SPEISER, and | : | *Formerly* |
| THOMAS LICIARDELLO | : | Philadelphia County |
| Plaintiffs, | : | Court of Common Pleas |
| | : | |
| v. | : | November Term, 2013 |
| | : | Civil Trial Division |
| R. SETH WILLIAMS; | : | |
| CITY OF PHILADELPHIA; and | : | Major Jury |
| OFFICE OF THE DISTRICT ATTORNEY | : | |
| OF PHILADELPHIA COUNTY | : | No. 131102338 |
| Defendants. | : | |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (   )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    (   )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    (   )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          (   )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            (   )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.        ( X )

| | | |
|---|---|---|
| 6/9/2015 | *(signature)* | City of Philadelphia |
| Date | **Armando Brigandi, Esq.** | Attorney for |
| **(215) 683-5381** | **(215) 683-5397** | **armando.brigandi@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. OTTO, | : | Civil Action |
| MICHAEL SPICER, | : | |
| BRIAN REYNOLDS, | : | NO: _____ |
| PERRY BETTS, | : | |
| JOHN SPEISER, and | : | *Formerly* |
| THOMAS LICIARDELLO | : | Philadelphia County |
| Plaintiffs, | : | Court of Common Pleas |
| | : | |
| v. | : | November Term, 2013 |
| | : | Civil Trial Division |
| R. SETH WILLIAMS; | : | |
| CITY OF PHILADELPHIA; and | : | Major Jury |
| OFFICE OF THE DISTRICT ATTORNEY | : | |
| OF PHILADELPHIA COUNTY | : | No. 131102338 |
| Defendants. | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendant, City of Philadelphia (hereinafter "petitioner") through counsel, Armando Brigandi, Divisional Deputy City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendants state the following:

1.   In November, 2013, plaintiffs initiated this action by filing a summons in the Court of Common Pleas in Philadelphia, November Term, 2013; No. 2338.  (Exhibit A - Complaint).

2.   On June 4, 2015 plaintiff filed a Complaint, naming as defendants the City of Philadelphia, as well as District Attorney Seth Williams and the Office of the District Attorney of Philadelphia County. (Exhibit A – Complaint).

3.   On June 4, 2015 said Complaint was served on Petitioners via email by the Court's Electonic Filing Service at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

4.   Plaintiffs allege that on or about December 3, 2012, they sustained damages when their civil rights were violated by the defendants. (Exhibit A - Complaint at Count I).

5.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. sections 1981 and 1983.  (Exhibit A – Complaint at Count I).

6.    The undersigned counsel as conferred with counsel for all co-defendants from the Philadelphia District Attorney's Office, and they have no objection to the removal of this action.

**Wherefore,** petitioner, the City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig M. Straw
Chief Deputy City Solicitor

**ARMANDO BRIGANDI**
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 92208**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

Date:  6/9/2015

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. OTTO, | : | Civil Action |
| MICHAEL SPICER, | : | |
| BRIAN REYNOLDS, | : | NO: _____ |
| PERRY BETTS, | : | |
| JOHN SPEISER, and | : | *Formerly* |
| THOMAS LICIARDELLO | : | **Philadelphia County** |
| Plaintiffs, | : | **Court of Common Pleas** |
| | : | |
| v. | : | November Term, 2013 |
| | : | Civil Trial Division |
| R. SETH WILLIAMS; | : | |
| CITY OF PHILADELPHIA; and | : | Major Jury |
| OFFICE OF THE DISTRICT ATTORNEY | : | |
| OF PHILADELPHIA COUNTY | : | No. 131102338 |
| Defendants. | : | |

## NOTICE OF FILING OF REMOVAL

TO:    Christopher D. Mannix, Esquire
        LAW OFFICES OF CHRISTOPHER D. MANNIX
        1515 Market Street, Suite 1801
        Philadelphia, PA 19102

PLEASE TAKE NOTICE THAT on June , 2015, defendant, City of Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

ARMANDO BRIGANDI
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. OTTO, | : | Civil Action |
| MICHAEL SPICER, | : | |
| BRIAN REYNOLDS, | : | NO: _____ |
| PERRY BETTS, | : | |
| JOHN SPEISER, and | : | *Formerly* |
| THOMAS LICIARDELLO | : | Philadelphia County |
| Plaintiffs, | : | Court of Common Pleas |
| | : | |
| v. | : | November Term, 2013 |
| | : | Civil Trial Division |
| R. SETH WILLIAMS; | : | |
| CITY OF PHILADELPHIA; and | : | Major Jury |
| OFFICE OF THE DISTRICT ATTORNEY | : | |
| OF PHILADELPHIA COUNTY | : | No. 131102338 |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Armando Brigandi, Divisional Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Christopher D. Mannix, Esquire
      LAW OFFICES OF CHRISTOPHER D. MANNIX
      1515 Market Street, Suite 1801
      Philadelphia, PA 19102

      Michael Scalera, Assistant District Attorney
      Three South Penn Square
      Philadelphia, PA  19107

                                    **ARMANDO BRIGANDI**
                                    **Divisional Deputy City Solicitor**
                                    **Attorney ID No. 92208**
                                    City of Philadelphia Law Department
                                    1515 Arch Street, 14th Floor
                                    Philadelphia, PA  19102
                                    215-683-5381

Date: 6/7/2015

Exhibit "A"

CHRISTOPHER D. MANNIX, ESQUIRE
Attorney Identification No. 46442
Law Offices of Christopher D. Mannix
1515 Market Street, Suite 1801
Philadelphia, PA 19102
mannix@mannixlaw.net
215.564.4300

Attorney for Plaintiffs

| | | |
|---|---|---|
| ROBERT G. OTTO,<br>MICHAEL SPICER,<br>BRIAN REYNOLDS,<br>PERRY BETTS,<br>JOHN SPEISER, and<br>THOMAS LICIARDELLO | :<br><br>: | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>NOVEMBER TERM, 2013<br><br>CIVIL TRIAL DIVISION |
| Plaintiffs,<br>v. | : | |
| R. SETH WILLIAMS;<br>CITY OF PHILADELPHIA;  and<br>OFFICE OF THE DISTRICT ATTORNEY<br>OF PHILADELPHIA COUNTY | : | MAJOR JURY |
| Defendants. | : | N0. 131102338 |

## COMPLAINT - CIVIL ACTION
### ( 2L – LIBEL and SLANDER)

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE    ESTA    DEMANDA    A    UN    ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION    SE    ENCUENTRA    ESCRITA    ABAJO    PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>Lawyer Referral and Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA<br>Servicio De Referencia E Información Legal<br>1101 Market Street, 11th Floor<br>Filadelfia, Pennsylvania 19107 |

CHRISTOPHER D. MANNIX, ESQUIRE
Attorney Identification No. 46442
Law Offices of Christopher D. Mannix
1515 Market Street, Suite 1801
Philadelphia, PA 19102
mannix@mannixlaw.net
215.564.4300                                                    **Attorney for Plaintiffs**

| | | |
|---|---|---|
| ROBERT G. OTTO, | : | PHILADELPHIA COUNTY |
| MICHAEL SPICER, | | COURT OF COMMON PLEAS |
| BRIAN REYNOLDS, | | |
| PERRY BETTS, | : | NOVEMBER TERM, 2013 |
| JOHN SPEISER, and | | |
| THOMAS LICIARDELLO | | CIVIL TRIAL DIVISION |
| | | |
| Plaintiffs, | : | |
| v. | | |
| R. SETH WILLIAMS; | : | MAJOR JURY |
| CITY OF PHILADELPHIA;  and | | |
| OFFICE OF THE DISTRICT ATTORNEY | | |
| OF PHILADELPHIA COUNTY | | |
| | : | NO. 131102338 |
| Defendants. | | |

## COMPLAINT - CIVIL ACTION
### ( 2L – LIBEL and SLANDER)

Plaintiffs, by their undersigned counsel, bring this action against the Defendants, and in support thereof it is averred:

### DIRECT AND RELATED HISTORY

1. This action was commenced by Writ of Summons on November 21, 2013.

2. No Defendant has Ruled Plaintiffs to File a Complaint.

3. This action grows out of a defamatory and otherwise actionable December 3, 2012 letter
   (sometimes referred to herein as "D.A. Williams' letter") from Defendant R. Seth
   Williams, then and now the District Attorney of Philadelphia County, to Philadelphia

Police Commissioner Charles Ramsey. A true and correct copy of D.A. Williams' letter is Exhibit A hereto, and its full text is contained in paragraph no. 36.

4.  The Plaintiffs are the five Police Officers and one Lieutenant who are the subject of that defamatory letter, Exhibit A.

5.  The pre-Complaint deposition of (now discontinued) Defendant Tasha Jamerson was taken by the Plaintiffs on January 10, 2014.

6.  On March 19, 2014, the first Entry of Appearance for Defendants Tasha Jamerson, R. Seth Williams, and Office of the District Attorney was filed, along with the perfection of a Jury Trial Demand by those Defendants.

7.  On July 29, 2014, five of the six Plaintiffs (all except Plaintiff Robert G. Otto) were indicted by a Federal Grand Jury in *United States of America v. Thomas Liciardello, Brian Reynolds, Michael Spicer, Perry Betts, Linwood Norman* [not a Plaintiff]*, and John Speiser*, United States District Court for the Eastern District of Pennsylvania, 2:14-cr-00412-ER.

8.  On May 14, 2015 all of the aforesaid Plaintiffs/criminal defendants were acquitted by the federal jury of all Counts .

9.  On May 29, 2015, the Plaintiffs filed a Stipulation by All Parties as to the Discontinuance of Defendant Tasha Jamerson Pursuant to Pa.R.C.P. 229 (b) (1).

10. The July 29, 2014 Indictment, and transactions or occurrences concurrent therewith or thereafter, and any actions or statements by the Defendants or others concurrent therewith or thereafter are not now the subject matter of *this* civil action.

## PARTIES AND PERTINENT NON-PARTIES

11. Plaintiff Robert G. Otto is an adult individual and citizen of the Commonwealth of Pennsylvania, and at times pertinent hereto he was a Philadelphia Police Department Lieutenant, and he remains so.

12. Plaintiff Michael Spicer is an adult individual, a citizen of the Commonwealth of Pennsylvania, and at times pertinent hereto was a Police Officer in the Philadelphia Police Department.

13. Plaintiff Brian Reynolds is an adult individual, a citizen of the Commonwealth of Pennsylvania, and at times pertinent hereto was a Police Officer in the Philadelphia Police Department.

14. Plaintiff Perry Betts is an adult individual, a citizen of the Commonwealth of Pennsylvania, and at times pertinent hereto was a Police Officer in the Philadelphia Police Department.

15. Plaintiff John Speiser is an adult individual, a citizen of the Commonwealth of Pennsylvania, and at times pertinent hereto was a Police Officer in the Philadelphia Police Department.

16. Plaintiff Thomas Liciardello is an adult individual, a citizen of the Commonwealth of Pennsylvania, and at times pertinent hereto was a Police Officer in the Philadelphia Police Department.

17. Tasha Jamerson, is an adult who at pertinent times, including at the time of D.A. Williams' letter,  was the Director of Communications and the Spokesperson for

Defendant Office of the District Attorney of Philadelphia County. Tasha Jamerson has been discontinued as a Defendant (see paragraph no. 9).

18. Defendant R. Seth Williams ("D.A. Williams") at all times pertinent hereto has been the elected District Attorney of Philadelphia County, including at the time of D.A. Williams' letter. D.A. Williams is sued in his individual capacity, and in his official capacity of District Attorney of Philadelphia County.

19. Defendant City of Philadelphia ("City") is a political subdivision of the Commonwealth of Pennsylvania; specifically, it is a municipal entity that exists and acts pursuant to state law.

20. At the time of D.A. Williams' letter, and for pertinent periods of time thereafter, all of the Plaintiffs were employees of the City (and Plaintiff Otto remains so).

21. Defendant Office of the District Attorney of Philadelphia County, is a division/component/agency and/or subagency of Defendant City, and the City is pertinently vicariously, directly and otherwise liable for certain pertinent acts of said agency Defendant.

22. The Philadelphia Police Department (sometimes referred to herein as the "Department") is a division/component/agency and/or subagency of the City, and the City is vicariously, directly and otherwise liable for certain pertinent acts of said Department.

23. Philadelphia Police Department Commissioner Charles Ramsey at all times pertinent hereto acted as the policymaker for the Department.

24. Defendant Office of the District Attorney of Philadelphia County ("D.A.'s Office") is for certain pertinent purposes herein an agency of the City.

25. Defendant D.A. Williams at all times pertinent hereto acted as the policymaker for Defendant Office of the District Attorney of Philadelphia County.

## VENUE

26. Venue is proper in Philadelphia County because, *inter alia*, occurrences giving rise to the causes of action herein occurred in Philadelphia County, and all of the Defendants may be (and were) properly served in Philadelphia County.

## FACTS

27. On December 3, 2012 (the date of the D.A. Williams' letter referenced in paragraph no. 3), all of the Plaintiffs were serving in the Philadelphia Police Department's Narcotics Field Unit (NFU), specifically, NFU-South.

28. At that time, Plaintiff Otto, as Lieutenant, was a supervisor of the other five Plaintiffs in NFU-South.

29. At that time, Plaintiff Otto was an extremely effective, skilled, dedicated, hard-working, honest, and experienced Police Lieutenant.

30. At that time, the five Police Officer Plaintiffs, were all extremely effective, skilled, dedicated, hard-working, honest, experienced police officers, including as Narcotics officers.

31. Plaintiff Spicer had served as a Police Officer with the Philadelphia Police Department since approximately 1995, and had been assigned to NFU since approximately 2000.

32. Plaintiff Reynolds had served as a Police Officer with the Philadelphia Police Department since approximately 1993, and had been assigned to NFU since approximately 1999..

33. Plaintiff Betts had served as a Police Officer with the Philadelphia Police Department since approximately 1995, and had been assigned to NFU since approximately 1999.

34. Plaintiff Speiser  had served as a Police Officer with the Philadelphia Police Department since approximately 1994, and had been assigned to NFU since approximately 2007.

35. Plaintiff Liciardello had served as a Police Officer with the Philadelphia Police
    Department since approximately 1995, and had been assigned to NFU since
    approximately 2000.

36. On December 3, 2012, D.A. Williams caused to be delivered to Philadelphia Police
    Commissioner Charles Ramsey an outrageous, defamatory and otherwise actionable
    December 3, 2012 letter, which stated in full:

   **Dear Commissioner Ramsay [sic]:**

   I am writing to inform you that in an exercise of prosecutorial discretion, the
   Philadelphia District Attorney's Office will no longer be using the following officers
   as witnesses in narcotics cases:

   **Police Officer Thomas Liciardello**

   **Police Officer Brian Reynolds**

   **Police Officer John Speiser**

   **Police Officer Michael Spicer**

   **Police Officer Perry Betts**

   **Lieutenant Robert Otto**

   Also the Philadelphia District Attorney's Office will no longer accept any
   narcotics cases for charging when any of these police officers is a necessary witness.
   Finally, we will no longer approve any search or arrest warrants on narcotics cases
   when any of these officers is the affiant, nor if the probable cause portion of the
   warrant contains any averments from any of these officers.

   **Very truly yours,**

   **R. Seth Williams**
   **District Attorney**

   A true and correct copy of D.A. Williams' letter is Exhibit A hereto.

37. There was no legitimate or reasonable or colorable basis whatsoever for D.A. Williams'
    letter; to the contrary, the letter was written in bad faith and recklessly.

38. There was no legitimate or reasonable or colorable basis whatsoever for D.A. Williams to promulgate a policy and practice of not using the Plaintiffs as witnesses or affiants, and no such basis to promulgate a policy and practice of not using any averments of the Plaintiffs. To the contrary, such a policy and practice was utterly reckless and irresponsible.

39. D.A. Williams' letter clearly and deliberately intended to - and did -state and create the false statement and impression that the Plaintiffs were neither credible nor honest, including under oath.

40. Credibility and honesty of police officers is the *sine qua non* of the profession.

41. The aforesaid reckless statements and attacks on the honesty and credibility of the Plaintiffs were false and defamatory, and were utterly devastating to the reputational (professional and personal) interests and pecuniary interests and Constitutionally protected liberty interests of the Plaintiffs.

42. D.A. Williams was the elected District Attorney of the County of Philadelphia, and the unquestioned head of the D.A.'s Office, and he was acting as the *policymaker* for the D.A.'s Office in writing and disseminating and publicizing his December 3, 2012 letter.

43. The writing of the letter by D.A. Williams, as well as his dissemination of the letter to Commissioner Ramsey, was the policy of the D.A.'s Office, as well as its practice, custom and usage.

44. D.A. Williams wrote the letter, and disseminated it to Commissioner Ramsey, in bad faith and with deliberate indifference to, and reckless disregard for, the liberty interests and the reputational interests of the Plaintiffs.

45. The aforesaid policy and practice (including the writing of the letter and its dissemination to Commissioner Ramsey) was made and carried out in bad faith and with deliberate indifference to, and reckless disregard for, the liberty interests and the reputational interests of the Plaintiffs.

46. At the time of the December 3, 2012 writing and then the delivery of the letter to Police Commissioner Ramsey, it was, at the least: (1) very likely that the defamatory letter would be disseminated to the public, including potential employers; and, (2) very likely that both the D.A.'s Office and the City (including through its division/component/agency and/or subagency - the Philadelphia Police Department) would actually publicize the contents and substance of the letter to the public.

47. Immediately after the delivery, the probability of such *further* dissemination and publicizing of the letter went from very likely to inevitable, and then, to actual dissemination and publicizing.

48. D.A. Williams' bad faith letter was the result of, *inter alia*, deliberately indifferent and reckless and irresponsible disregard for the truth, deliberately indifferent and reckless and irresponsible disregard for the rights and reputations and liberty interests of the Plaintiffs, deliberately indifferent and reckless and irresponsible disregard for the proper exercise of the prosecutorial function, wholly and deliberately inadequate and

irresponsible "investigation" of the Plaintiffs, and, a reckless and irresponsible reliance on the allegations of persons who were not credible and deserved no credence.

49. On December 3, 2012, the second highest-ranking official in the D.A.'s Office was First Assistant District Attorney Edward McCann.

50. On December 3, 2012, after the letter had been sent for delivery to Commissioner Ramsey, First Assistant D.A. McCann instructed Director of Communications/Spokesperson Jamerson how to handle media inquiries about the letter.

51. On that day, First Assistant D.A. McCann instructed Jamerson that she had authority to communicate to the press that the D.A.'s Office would no longer be using the six Plaintiffs in narcotics cases because of prosecutorial discretion.

52. The aforesaid was an instruction from the second highest-ranking official in the D.A.'s Office, and was the policy and practice of the D.A.'s Office.

53. At that time, it was the practice of Jamerson to relay to First Assistant D.A. McCann all media inquiries before she answered them.

54. By at least December 7, 2012, Jamerson was communicating to members of the media that the six Plaintiffs would no longer be used by the D.A.'s Office in narcotics cases because of prosecutorial discretion, and she continued to do so for a time pertinent herein.

55. The aforesaid dissemination and publicizing and publication to the media by Jamerson of the contents and substance of the December 3, 2012 letter was the policy and practice of the D.A.'s Office, a division/component/agency and/or subagency of Defendant City.

56. The aforesaid policy and practice (the explicitly authorized dissemination/publicizing/publication by Jamerson to the media of the contents and substance of the letter) was made and carried out in bad faith and with deliberate indifference to, and reckless disregard for, the liberty interests and the reputational interests of the Plaintiffs.

57. On December 4, 2012, upon a directive originating with Police Commissioner Ramsey, the Plaintiffs' commanding officer was ordered by the Department in writing to personally notify the Plaintiffs that they were transferred from Narcotics to other assignments effective 12:01 a.m. on December 5, 2012 as follows:

| | |
|---|---|
| Lt. Robert Otto to: | South Detectives Division |
| P/O Brian Reynolds to: | Traffic |
| P/O Thomas Liciardello to: | Center City District |
| P/O John Speiser to: | Center City District |
| P/O Michael Spicer to: | Center City District |
| P/O Perry Betts to: | Center City District |

A true and correct copy of the aforesaid December 4, 2012, 11:42 a.m. transfer order is attached hereto as Exhibit B.

58. By December 5, 2012, D.A. Williams' December 3, 2012 letter was already in the hands of the media, namely TV station FOX 29 of Philadelphia. See Exhibit C hereto, a printout of a Thursday, December 6, 2012 myfoxphilly online posting, wherein it is stated that the letter "was obtained by FOX 29 on "Wednesday" (which was December 5, 2012).

59. On December 5, 2012, the managing editor of FOX 29 was the husband of (discontinued Defendant) Tasha Jamerson, who was the Director of Communications and the

spokesperson for Defendant Office of the District Attorney of Philadelphia County;
Jamerson herself was formerly a reporter for FOX 29.

60. By December 6, 2012, FOX 29 of Philadelphia broadcast a television report naming all
the Plaintiffs, stating, among other defamatory and false light statements,  that they had
been moved out of the Narcotics unit. CREDIBILTY QUESTIONED". Exhibit C.

61. An avalanche of publicity unfairly blackening the reputations of the Plaintiffs followed,
some by Defendants, some by the media.


62. D.A. Williams' defamatory December 3, 2012 letter, which immediately and deliberately
was disseminated and published to the Department and then to the  public: stigmatized
and humiliated the Plaintiffs; impugned, blackened and utterly disparaged their
professional and personal reputations; put the Plaintiffs in  highly offensive false light;
created false impressions about the Plaintiffs, including of their honesty, credibility,
morality and ethics; and, caused members of the Department, the public and the law
enforcement, judicial and legal communities, and prospective employers  to scorn and
revile them, all to their great detriment, including to their emotional, reputational,
pecuniary and liberty interests.

63. The transfers of the Plaintiffs, ordered by the Department as specified in paragraph no. 57
and then published and disseminated to the public, did further: stigmatize and humiliate
the Plaintiffs; impugn, blacken and utterly disparage their reputations; create false
impressions about the Plaintiffs, including of their honesty, credibility, morality and
ethics; and, cause members of the Department, the public and the law enforcement,

judicial and legal communities, and prospective employers to scorn and revile them, all to their great detriment, including to their emotional, reputational, pecuniary and liberty interests.

64. After December 6, 2012, Jamerson, acting pursuant to the policy and practice of the D.A.'s Office, and Commissioner Ramsey, the policymaker for the Philadelphia Police Department, continued to recklessly publicize and disseminate the content and substance of D.A. Williams December 3, 2012 letter.

65. After receiving the letter, Commissioner Ramsey publicized and disseminated the substance and contents of the letter.

66. On January 18, 2014, Commissioner Ramsey outrageously and recklessly publicized to the media that a federal grand jury was probing at least four of the Plaintiffs herein.

67. On that date, Commissioner Ramsey further and recklessly publicized to the media that the six Plaintiffs had been pulled off street duty.

68. Commissioner Ramsey's spokesperson then publicized to the media that the six Plaintiffs were required to surrender their weapons.

69. In all of the aforesaid statements made by Commissioner and his spokesperson, Commissioner Ramsey was acting as the policymaker for the Department.

70. These reckless and outrageous and gratuitous revelations were defamatory and put all six Plaintiffs in a false light and created false impressions about them.

71. The damages sought herein do not include any lost pay, compensation, benefits, overtime, etc., contractually owed to the Plaintiffs as employees of the City resulting

from any job action taken against the Plaintiffs by the City, nor does the relief sought include any request for return of assignments/positions jobs, etc. Those items of damages and relief are the province of the City's arbitration process.

72. As a result of the defamatory and false light statements and the disseminations thereof, the Plaintiffs' names have been severely blackened and they are entitled to a name clearing hearing.

73. As a result of the defamatory and false light statements and the disseminations thereof, the Plaintiffs' have and will suffer substantial pecuniary losses as a result of the blackening of their reputations in the eyes of prospective employers.

74. As a result of the aforesaid wrongful acts of the Defendants, the Plaintiffs have sustained and suffered  substantial  emotional distress, mental anguish and humiliation, including as a result of the public scorn and hatred engendered by the statements at issue, and including, derivatively, bearing and enduring the scorn and humiliation suffered by their families.

COUNT I – Violations of 42 U.S.C Sections 1981 and 1983
**Directed Against All Defendants**

75. Paragraphs 1 through 74 are incorporated by reference as though fully set forth at length hereunder.

76. The Defendants caused stigmas to the reputations of the Plaintiffs.

77. The stigmas were caused during the course of alterations to the ongoing employment positions of the Plaintiffs (transfers and changes to duties and responsibilities).

78. The stigmas were recklessly caused by the false statements at issue; the direct, unmistakable inferences from those statements; the false light in which the statements directly and inevitably put the Plaintiffs; and the false impressions about the Plaintiffs that the statements directly and inevitably created.

79. The Defendants, acting under color of state law, caused the stigmas with reckless disregard for and deliberate indifference to the liberty rights and interests of the Plaintiffs guaranteed under the United States Constitution, and deprived them of those liberty interests.

80. The false statements at issue were either very likely to be publicized when made or actually were publicized by the Defendants or both.

81. The Defendants publicized the false statements at issue, and the statements inevitably and rapidly became highly publicized by the media.

82. The injuries and damages suffered by the Plaintiffs as a result of the stigmas wrongfully caused by the Defendants include, but are not limited to: stigmas to their reputations for which they are entitled to have a name clearing hearing; loss of employment prospects; and, emotional distress.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages in excess of $50,000, including nominal, special, compensatory and punitive damages, a

name clearing hearing, and attorney fees and costs, and all other and further relief as the Court deems appropriate.

## COUNT II– False Light
### Directed Against All Defendants

83. Paragraphs 1 through 82 are incorporated by reference as though fully set forth at length hereunder.

84. The Defendants recklessly gave publicity to a matter that placed the Plaintiffs before the public in a false light.

85. The false light in which the Plaintiffs were placed would be highly offensive to a reasonable person.

86. The Defendants had  knowledge of the falsity or the implied falsehoods of the publicized matter, or, acted in reckless disregard of same.

87. Alternatively, to the extent any statements were literally true, the Defendants created a false impression by knowingly or recklessly publicizing selective pieces of literally true information.

88. The unreasonable and highly objectionable publicity attributed to the Plaintiffs characteristics and conduct that were false and therefore placed the Plaintiffs in false positions before the public.

89. The injuries and damages suffered by the Plaintiffs as a result of the false light created by the Defendants include, but are not limited to: stigmas to their reputations; loss of employment prospects; and, emotional distress.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages in excess of $50,000, including nominal, special, compensatory and punitive damages, and costs, and all other and further relief as the Court deems appropriate.

## COUNT III-- Defamation
### Directed Against All Defendants

90. Paragraphs 1 through 89 are incorporated by reference as though fully set forth at length hereunder.

91. The statements and communications at issue were defamatory.

92. The Defendants publicized the communications and statements.

93. The communications and statements applied to the Plaintiffs.

94. Recipients of the statements and communications understood its highly defamatory meaning.

95. The Plaintiffs suffered and will continue to suffer, among other things,  reputational, pecuniary and emotional harm from the publications.

96. Any privileged position of the Defendants in making the statements at issue was abused by them.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages in excess of $50,000, including nominal, special, compensatory and punitive damages, and costs, and all other and further relief as the Court deems appropriate.


LAW OFFICES OF CHRISTOPHER D. MANNIX

By: /s/Christopher D. Mannix
Christopher D. Mannix, Esquire
Attorney for Plaintiffs
1515 Market Street
Suite 1801
Philadelphia, PA 19102

EXHIBIT A



**DISTRICT ATTORNEY'S OFFICE**
THREE SOUTH PENN SQUARE
PHILADELPHIA, PENNSYLVANIA 19107-3499
(215) 686-8000

R. SETH WILLIAMS
DISTRICT ATTORNEY

December 3, 2012

Commissioner Charles Ramsuy
Philadelphia Police Department
750 Race Street
Philadelphia, PA 19106

Dear Commissioner Ramsuy:

I am writing to inform you that in an exercise of prosecutorial discretion, the Philadelphia District Attorney's Office will no longer be using the following officers as witnesses in narcotics cases:

Police Officer Thomas Liciardello
Police Officer Brian Reynolds
Police Officer John Speiser
Police Officer Michael Spicer
Police Officer Perry Betts
Lieutenant Robert Otto

Also the Philadelphia District Attorney's Office will no longer accept any narcotics cases for charging when any of these police officers is a necessary witness. Finally, we will no longer approve any search or arrest warrants on narcotics cases when any of these officers is the affiant, nor if the probable cause portion of the warrant contains any averments from any of these officers.

Very truly yours,

R. Seth Williams
District Attorney

EXHIBIT B

```
GENERAL: 3647 -12/04/12 . :11:42 FROM PERK TO E::   RECEIPT NO. 526.  PAGE 2 OF 2
TRANSFER:
--------

COMMANDING OFFICERS ARE TO PERSONALLY NOTIFY THE FOLLOWING EMPLOYEES THAT
THEY ARE TRANSFERRED EFFECTIVE 12:01AM 12-5-12.
```

| RANK/NAME/NO. | PR# | FROM | TO |
|---|---|---|---|
| LT NICHOLAS BROWN #142 | 207574 | SOUTH DET.DIV | NARCOTICS |
| LT ROBERT OTTO #4-3 | 201077 | NARCOTICS | SOTH DET. DIV |
| P/O BRIAN REYNOLDS #4268 | 215966 | NARCOTICS | TRAFFIC |
| P/O THOMAS LICIARDELLO #4383 | 221845 | NARCOTICS | CENTER CITY DIST. |
| P/O JOSEPH SPEISER #7169 | 208456 | NARCOTICS | CENTER CITY DIST. |
| P/O MICHAEL SPICER #5180 | 221409 | NARCOTICS | CENTER CITY DIST. |
| P/O PERRY BETTS #5761 | 219751 | NARCOTICS | CENTER CITY DIST. |

EXHIBIT C



The Philadelphia District Attorney's Office has dropped at least one drug case in court, but sources believe hundreds could follow in the wake of a letter sent to Philadelphia Police, FOX 29's Jeff Cole reports.

The letter, sent to Commissioner Charles Ramsey, was obtained by FOX 29 on Wednesday.

The letter is blunt and states that the DA's office will no longer be using six officers as witnesses in narcotics cases.

"I am writing to inform you that in an exercise of prosecutorial discretion, the Philadelphia District Attorney's Office will no longer be using the following officers as witnesses in narcotics cases," the letter reads.

The letter lists officers Thomas Liciardello, Brian Reynolds, John Speiser, Michael Spicer, Perry Betts and Lt. Robert Otto.

"Also the Philadelphia District Attorney's Office will no longer accept any narcotics cases for charging when any of these police officers is a necessary witness," the letter states.

City public defender Bradley Bridge says the letter shows something "very substantial" has come to the attention of the DA's office.

Ridge tells FOX 29's Jeff Cole he's heard about these officers and says his clients have mentioned these officers before.

FOX 29 was not able to reach the officers for comment Thursday.

Also on Thursday, FOX 29 obtained a federal lawsuit filed against some of the officers, alleging illegal searches and seizures.

Police say the six officers have been reassigned, but not disciplined or charged.

All content © Copyright 2000 - 2013 Fox Television Stations, Inc. and Worldnow. All Rights Reserved.
Privacy Policy | Terms of Service | Ad Choices

## VERIFICATION

The Verification(s) of the Plaintiff(s) under Pa.R.C.P. 1024 will be promptly substituted.

I, Christopher D. Mannix, Esquire, am attorney for the Plaintiffs, and I verify that the statements of facts set forth in the foregoing Complaint are true and correct to the best of my information and belief. This Verification is made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.


Christopher D. Mannix

CERTIFICATION OF SERVICE

I, Christopher D. Mannix, Esquire, hereby certify that I caused true and correct copies of the within Complaint to be served upon the following via email this date, and that the accepted Complaint will also be served via electronic filing and first class mail upon the following:

Armando R. Brigandi, Esquire
City of Philadelphia Law Department
One Parkway, 1515 Arch St., 16th Floor
Philadelphia, PA 19102-1595


Assisatnt District Attorney Michael Scalera
Assisatnt District Attorney Bryan C. Hughes
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107


                    LAW OFFICES OF CHRISTOPHER D. MANNIX

                     /s/ Christopher D. Mannix
                    Christopher D. Mannix, Esquire
                    Attorney for Plaintiffs


Date: 6/4/15